■ AERO-BOCKER KNITTING MILLS, INC., Respondent-Appellant, v ALLIED FABRICS CORPORATION, Appellant-Respondent.—Order, Supreme Court, New York County, entered March 11, 1976, granting plaintiff's motion for sum-

mary judgment and denying defendant's cross motion for summary judgment, and the judgment entered thereon on March 15, 1976, unanimously reversed, on the law, plaintiff's motion denied and defendant's cross motion granted and the complaint dismissed, without costs and without disbursements. In view of said disposition, the appeal from the order, entered November 13, 1975, is unanimously dismissed as academic, without costs and without disbursements. Defendant, a foreign corporation, advertised in *Woman's Wear Daily* inviting offers to supply it with material. Plaintiff, a New York corporation, responded, agreement was reached by telephone, contracts entered into, and the goods shipped from New York to California. When defendant failed to make payment, plaintiff filed, in New York, a demand for arbitration pursuant to the arbitration clause contained in the contract. Defendant commenced proceedings in Federal District Court in California seeking to prevent arbitration. The Federal court granted a preliminary injunction in a decision dated June 25, 1975, holding that a question of fact existed as to whether or not the parties entered into an agreement to arbitrate. Plaintiff commenced legal action in New York, in effect abandoning its right to arbitration, by serving defendant with a summons and complaint in California. In November, 1975, the California Federal court entered a judgment, with plaintiff in default, stating defendant "is not a party to any agreement with plaintiff to arbitrate" and permanently enjoining the arbitration. Plaintiff moved for summary judgment in the New York action, the grant of which is the subject of this appeal. While it appears that defendant has no meritorious defense against plaintiff's claim, the initial issue to be decided, and in light of our negative findings therein the pivotal issue, is whether defendant is subject to New York jurisdiction. Plaintiff contends that, by clauses 10 and 11 of the contract, defendant consented to New York jurisdiction. Clause 10, entitled "ARBITRATION," provides, in pertinent part, for arbitration of any dispute or controversy to be conducted in New York City and the parties consent to the jurisdiction of the Supreme Court of the State of New York and to the Federal District Court for the Southern District of New York. The only fair reading of the clause is that the jurisdictional designation applies only to arbitration proceedings. Clause 11 reads: "CONTROLLING LAW: This contract shall be deemed to have been made in New York and shall be governed and construed in accordance with the laws of the State of New York." Clause 11 governs the applicable law and the place where the contract arises, not jurisdiction. While place of contract may be a factor to be considered in determining whether the claim arose from a transaction of business within New York State, it is insufficient to confer jurisdiction *(Longines-Wittnauer Co. v Barnes & Reinecke,* 15 NY 2d 443, 457, n 6; see, also, *Galgay v Bulletin Co.,* 504 F2d 1062, 1066 [where the court found that the contract choice of law provision does not have jurisdictional implications]). *Longines-Wittnauer,* the leading case on jurisdiction under CPLR 302 (subd [a]), the Long Arm Statute, requires an examination of "the totality of the defendant's activities within the forum" *(supra,* p 457, n 5) to determine whether or not the defendant performed sufficient purposeful activity in New York to confer jurisdiction. While physical presence is not a prerequisite to constitute transaction of business under CPLR 302 (subd [a], par 1) *(Parke-Bernet Galleries v Franklyn,* 26 NY2d 13, 17), with few exceptions the Court of Appeals has not upheld jurisdiction in its absence (1 Weinstein-Korn-Miller, NY Civ Prac, par 302.08 [citing a long list of cases]). Solicitation within the State by telephone and shipment by the plaintiff from within New York to another jurisdiction are not sufficient purposeful acts to

sustain jurisdiction *(Katz & Son Billiard Prods. v Correale & Sons,* 26 AD2d 52, 53, affd 20 NY2d 903). The totality of defendant's acts connected with New York are insufficient to qualify as transacting business in New York. Nor can it be said that defendant was doing business in New York and therefore submitted to New York jurisdiction under CPLR 301. Defendant is a foreign corporation. It is not authorized to transact business in New York and does not have an office, telephone, employee or agent in New York. While approximately 1% of its sales are made in New York, the sales are normally precipitated by unsolicited customer requests. There are insufficient contacts to classify defendant as doing business in New York (see *Carbone v Fort Erie Jockey Club,* 47 AD2d 337). Concur—Kupferman, J. P., Murphy, Lane and Nunez, JJ.; Lupiano, J., concurs in the following memorandum: I concur in the conclusion that the New York court lacked jurisdiction over the defendant. Resolution of the jurisdictional issue renders academic consideration of any remaining issues, and I do not join in dicta which treats of such issues.