■ L. F. ROTHSCHILD, UNTERBERG, TOWBIN, Respondent, v BERNARD McTAMNEY, Appellant. — Order of the Supreme Court, New York County (H. Schwartz, J.), entered July 7, 1981, denying defendant's motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 8), reversed, on the law and facts, and the motion by defendant to dismiss the complaint on grounds of lack of in personam jurisdiction is granted, with costs. Plaintiff, a stock brokerage firm, brought this action against defendant for the alleged breach of an agreement to purchase 1,000 shares of stock in World Wide Energy Corp. Defendant moved to dismiss on the grounds that the court did not have jurisdiction over his person. Special Term denied this motion citing *Parke-Bernet Galleries v Franklyn* (26 NY2d 13) and *DuPont & Co. v Chelednik* (69 Misc 2d 362), in support of its finding that it possessed in personam jurisdiction. This finding of the court below was in error. The defendant herein is a Pennsylvania resident. His only relevant contact with New York was several telephone conversations at his home in Pennsylvania with Steven Karanzalis, an account representative of plaintiff, L. F. Rothschild, Unterberg, Towbin (Rothschild) at the latter's New York office. These telephone conversations resulted in a telephonic purchase order for the stock on October 28, 1980. Except for a letter which defendant sent to plaintiff's office on November 17, 1980, protesting the purchase of the shares at issue, defendant had no other contact with New York. Defendant had previously had an account at Merrill Lynch where Karanzalis had been his account executive. This previous account is unrelated to the cause of action alleged herein and would, therefore, have no bearing on whether defendant is subject to "long-arm" jurisdiction pursuant to CPLR 302. (See *Frummer v Hilton Hotels-Int.,* 19 NY2d 533.) CPLR 302 (subd [a], par 1) confers personal jurisdiction over any nondomiciliary who in person or through an agent "transacts any business within the state or contracts anywhere to supply goods or services in the state". The telephone communications defendant had with plaintiff's account executive from outside the State do not constitute sufficient contact with New York to confer personal jurisdiction over a nonresident under CPLR 302 (subd [a], par 1). (See *Katz & Son Billiard Prods. v Correale & Sons,* 26 AD2d 52, affd 20 NY2d 903; *Aero-Bocker Knitting Mills v Allied Fabrics Corp.,* 54 AD2d 647.) *Parke-Bernet Galleries v Franklyn* (*supra*), and *DuPont & Co. v Chelednik* (*supra*), relied upon by Special Term herein, are readily distinguishable. In *Parke-Bernet,* the Court of Appeals expressly adhered to its previously expressed view that where a defendant merely telephones a single order from outside New York, our courts would not have jurisdiction. In addition, the court found jurisdiction

in *Parke-Bernet* because of that defendant's direct and personal involvement in an ongoing auction sale conducted in New York by telephone from California through a representative present at the auction sale. Here defendant made a few telephone calls to plaintiff's representative in New York concerning a single stock transaction. He had no representative in New York and no direct or personal involvement in any ongoing sale in New York. *DuPont & Co. v Chelednik (supra)*, also relied upon by Special Term, was not decided under CPLR 302 (subd [a], par 1), but under CPLR 302 (subd [a], par 3), because plaintiff's breach of contract action there was coupled with a tort claim for fraud. Plaintiff herein chose to deal with defendant at his Pennsylvania home solely over the telephone. Plaintiff did not require him to sign any documents opening an account or to visit its New York offices. Under these circumstances, involving one transaction, there was not sufficient purposeful activity within this State so as to confer in personam jurisdiction over defendant. (See *Rothschild, Unterberg, Tobin v Thompson*, 78 AD2d 795.) Concur — Sullivan, Silverman and Asch, JJ.

Kupferman, J. P., and Milonas, J., dissent in a memorandum by Milonas, J., as follows: In my opinion, the order of the Supreme Court, New York County (H. Schwartz, J.), entered July 7, 1981, which denied the defendant's motion to dismiss on the grounds of lack of in personam jurisdiction, should be affirmed. The instant case concerns an action commenced by plaintiff-respondent L. F. Rothschild, Unterberg, Towbin (Rothschild) against defendant-appellant Bernard McTamney, a Pennsylvania resident, for failing to make payment on amounts allegedly owed by him as a result of certain stock transactions. During the period from February of 1977 through December of 1979, the defendant maintained a margin account in New York City with Merrill Lynch, Pierce, Fenner & Smith, Inc. (Merrill Lynch). His broker at that company was Stephen G. Karanzalis who, in December of 1979, became an account executive with Rothschild. Thereafter, McTamney contacted Karanzalis by telephone on a number of occasions at plaintiff's New York City office to discuss the stock market and various securities. Following at least three calls in October of 1980 regarding World Wide Energy Corporaton (WWEC) stock, defendant placed a telephone order on October 28, 1980 for 1,000 shares. Although Karanzalis initially purchased only 500 shares, McTamney directed him to buy another 500 shares at the prevailing market price. An account number was assigned in connection with the transaction. Rothschild then mailed confirmation of these two orders to the defendant, who subsequently wrote to plaintiff expressing his dissatisfaction over a broker's error in the transaction. In this letter, dated November 17, 1980, the defendant referred to another telephone conversation which he had held with Karanzalis on October 30. After Rothschild instituted suit based upon defendant's alleged default in payment, McTamney moved to dismiss on the ground that a single stock purchase by a nondomiciliary, involving telephone calls and incidental correspondence, does not constitute the transaction of business contemplated by CPLR 302 (subd [a], par 1), such as would confer in personam jurisdiction over the defendant. In denying the motion, Special Term, citing *Parke-Bernet Galleries v Franklyn* (26 NY2d 13) and *DuPont & Co. v Chelednik* (69 Misc 2d 362), found that defendant had transacted business within New York State. In *Parke-Bernet Galleries v Franklyn (supra*, p 17), the Court of Appeals held that "one need not be physically present in order to be subject to the jurisdiction of our courts under CPLR 302 for, particularly in this day of instant long-range communications, one can engage in extensive purposeful activity here without ever actually setting foot in the State." Although the court did state that merely telephoning a single order from outside the State would not be sufficient to bestow jurisdiction, this is not the case here where, over a period of nearly four years,

McTamney engaged in business dealings in New York with respect to securities transactions. Rather than being presented with the situation of one telephone call resulting in a simple order, what is at issue is a continuous course of conduct in which the defendant kept an active margin account with one company and then, when his personal broker moved to another firm, he, in effect, followed along. (See *DuPont & Co. v Chelednik, supra,* wherein the court declared that the operation of an account in New York constitutes the transaction of business within the State.) Moreover, even as to the particular purchase order in question, there were a series of telephone calls and accompanying correspondence. Clearly, the defendant was in the habit of doing business in New York involving securities transactions. Simply because McTamney's broker changed his affiliation from one company to another does not divest New York State of jurisdiction. There can be little doubt that New York State would have had in personam jurisdiction over the defendant had the order been placed while Karanzalis was still at Merrill Lynch. (*Rothschild, Unterberg, Towbin v Thompson,* 78 AD2d 795.) What is crucial is not how much business the defendant conducted with this particular plaintiff but, rather, the extent of his related business activity in the State. Consequently, the order of Special Term should be affirmed.