OPINION OF THE COURT

Per Curiam.

Plaintiffs have attempted, in this action, to acquire jurisdiction over a Massachusetts physician whose care of decedent was the alleged cause of death.
Plaintiffs’ decedent suffered from a heart condition for which he sought treatment from a Massachusetts physician, Dr. Bernard Lown. During the course of the patient’s care, which included a period of hospitalization in a Boston hospital, Dr. Lown prescribed Aprindine, an experimental drug manufactured by defendant Eli Lilly & Co. Following decedent’s discharge, he returned to New York, where he came under the care and treatment of a New York physician, Dr. Raymond Matta, to whom Dr. Lown had referred him. Because decedent’s treatment program involved the continued use of Aprindine, available only from a clinical *458 investigator such as Dr. Lown, decedent was provided with a supply of the drug to take back to New York.
After decedent came under Dr. Matta’s care, Dr. Lown continued to act as a consultant with respect to the drug regimen. He communicated with Dr. Matta several times by telephone and letter and spoke to decedent’s wife on the telephone. It is also alleged that he sent an additional supply of Aprindine to decedent in New York. During this period, decedent returned to Boston once for further consultation with Dr. Lown. Thereafter, decedent was admitted to a New York hospital with a condition known as agranulocytosis (depressed white cell count). The treatment with Aprindine was discontinued, and decedent died within a short time.
Asserting that decedent’s death was caused by a side effect of the experimental drug, plaintiffs brought this action against both the drug manufacturer and Dr. Matta. Dr. Matta then sought to implead Dr. Lown, the theory of liability resting upon Dr. Down’s failure to inform Dr. Matta of the precise side effects of the drug. Dr. Lown moved to dismiss the third-party complaint on the ground that his contacts with New York were insufficient to require him to defend a medical malpractice action here. We agree with the Appellate Division that there is no basis for the exercise of personal jurisdiction over Dr. Lown.
It is urged that jurisdiction might properly be found under either prong of CPLR 302 (subd [a], par 1), which provides for the exercise of personal jurisdiction over any nondomiciliary who “transacts any business within the state or contracts anywhere to supply goods or services in the state”, where the cause of action arises from those acts. It is contended that because information about Aprindine and decedent’s treatment were unavailable to Dr. Matta except through Dr. Lown, Dr. Down’s treatment of his patient continued even after the patient returned to New York. The record does not, however, support the conclusion that Dr. Lown continued to act in the capacity of a treating physician. Rather, Dr. Lown referred decedent to a different doctor and continued his connection with the case only as a consultant. Viewing the totality of Dr. Down’s contacts with this State, in the form of written and telephonic *459 communications and the additional provision of the experimental drug, we believe them to be too insubstantial to amount to such a “transaction of business” as to warrant subjecting Dr. Lown to suit in this forum (see McGowan v Smith, 52 NY2d 268; Rothschild, Unterberg, Towbin v McTamney, 89 AD2d 540, affd 59 NY2d 651).
It is also urged that Dr. Down’s provision of Aprindine forms the basis for jurisdiction under the recent amendment to CPLR 302 (subd [a], par 1), which provides for personal jurisdiction when a nondomiciliary “contracts anywhere to supply goods or services in the state” where the cause of action arises out of the contractual relationship. Even if we were to assume that a legal obligation existed for Dr. Lown to continue to supply Aprindine to plaintiffs’ decedent, the statute was not meant, in our view, to cover a transaction of this nature. The Legislature, in enacting this additional jurisdictional basis, was not concerned with limited provision of supplies incident to medical treatment as occurred in this case (see McLaughlin, 1979 Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, 1983-1984 Pocket Part, CPLR C302:13). The incidental provision of a drug, as part of a course of treatment rendered in another State, cannot be said to fall within the contemplation of the statute so as to confer personal jurisdiction over the physician.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Simons and KaYe concur in Per Curiam opinion; Judge Meyer taking no part.
Order affirmed, with costs.