LONGWOOD RESOURCES CORPORATION, Albert S. Thanhauser, Yvonne A. Thanhauser and Dory Ellen Fish, Plaintiffs,

v.

C.M. EXPLORATION CO., INC., CM Exploration Company, John B. Cummings and Roger Mills, Defendants.

No. 97 Civ. 3610(MGC).

United States District Court,
S.D. New York.

Dec. 29, 1997.

Shukat Arrow Hafer & Weber, New York City by Eugene L. Girden, for Plaintiffs.

Peckar & Abramson, New York City by Bruce D. Meller, for Defendants.

## OPINION

CEDARBAUM, District Judge.

Defendants C.M. Exploration Co., Inc., CM Exploration Company, John B. Cummings and Roger Mills move to dismiss this action pursuant to Fed.R.Civ.P. 12(b)(2) and 12(b)(3) for lack of personal jurisdiction and improper venue. Defendants move alternatively to transfer this action to the United States District Court for the Eastern District of Oklahoma pursuant to 28 U.S.C. § 1404(a). For the reasons discussed below, defendants' motion to transfer is granted.

## PARTIES

Plaintiff Longwood Resources Corporation ("Longwood") is engaged in the development of oil and gas properties. It is a Connecticut corporation with its principal place of business in Stamford, Connecticut. Plaintiffs Albert F. Thanhauser and Yvonne A. Thanhauser are citizens of the state of Connecticut. Plaintiff Dory Ellen Fish is a citizen of the state of Pennsylvania.

Defendant C.M. Exploration Co., Inc. ("C.M.Exploration") is involved in the drilling and testing of oil and gas wells in Oklahoma. It is an Oklahoma corporation with its principal place of business in Seminole, Oklahoma. Defendant CM Exploration Company, formerly an Oklahoma partnership, no longer exists. Defendant John B. Cummings, President of C.M. Exploration, is a citizen of Oklahoma. Defendant Roger Mills, a former officer and shareholder of C.M. Exploration, is also a citizen of Oklahoma.

## BACKGROUND

This action arises out of the sale of a 20% working interest in oil and gas leases for the Bane well in Pittsburg County, Oklahoma.

Plaintiffs allege that despite repeated demands, defendants have failed to assign to them their interests in the Bane well and to provide them with division orders. They also allege that defendants sold their rights to the Bane well in April, 1997, including plaintiffs' interest, to Tripower Resources, Inc. without plaintiffs' authorization, and that at the time of the sale, the value of this interest had been drastically reduced through the defendants' mismanagement and dissipation of assets.

Plaintiffs sue for breach of contract, restitution, conversion, fraudulent inducement, mismanagement and negligent dissipation of assets as well as violation of federal and Oklahoma securities statutes.

## DISCUSSION

Defendants' motion to transfer venue is governed by 28 U.S.C. § 1404(a) which provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

In support of their transfer motion, defendants argue that the seminal events which gave rise to this action occurred in Oklahoma and that nearly all of the witnesses and documents which must be produced are there. Defendants also contend that this Court lacks personal jurisdiction over them.

While I find defendants' arguments regarding the locus of events giving rise to this action and the location of witnesses and documents persuasive, the most compelling reason for transferring this action to Oklahoma is this court's lack of personal jurisdiction over the defendants. *Press v. Bercuson,* 1987 WL 9185, at *2 (S.D.N.Y.1987).

Plaintiffs bear the burden of establishing the court's personal jurisdiction over the defendants. *CutCo Indus., Inc. v. Naughton,* 806 F.2d 361, 365 (2d Cir.1986); *Emmet, Marvin & Martin v. Maybrook, Inc.,* 1990 WL 209440, at *2 (S.D.N.Y.1990); *Alexander & Alexander, Inc. v. Donald F. Muldoon & Co.,* 685 F.Supp. 346, 351–352 (S.D.N.Y.1988). But where a motion brought under Rule 12(b)(2) is decided without an evidentiary hearing, plaintiffs need only make a prima facie showing that jurisdiction exists. *Id.* at 352. All pleadings and affidavits are construed in the light most favorable

to the plaintiffs, and all doubts are resolved in their favor. *CutCo* at 365; *Alexander* at 352.

Plaintiffs contend that this court may exercise personal jurisdiction over the defendants pursuant to N.Y.C.P.L.R. § 302(a)(1) which provides, "As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary ... who in person or through an agent ... transacts any business within the state...."

This statute requires that two conditions be met before a New York court may exercise jurisdiction over a non-domiciliary: (1) the non-domiciliary must "transact business" within the state; and (2) the claim against the non-domiciliary must arise out of that business transaction. *CutCo*, 806 F.2d at 365; *Emmet*, 1990 WL 209440, at *2. Non-domiciliaries transact business in New York when they purposely avail themselves of the privilege of conducting activities within New York, thus invoking the benefits and protections of its laws. *CutCo* at 365.

Plaintiffs have failed to make a prima facie showing that this court has personal jurisdiction over the defendants because they have not alleged facts sufficient to support the conclusion that defendants have performed acts by which they have purposely availed themselves of the benefits and protections of New York law. Even if all the allegations of the complaint and the affidavits are accepted as true, personal jurisdiction cannot be sustained against any of the defendants.

Plaintiffs do not allege that either Cummings or Mills ever traveled to New York in connection with the sale of the working interest in the Bane oil well. In fact, plaintiffs do not dispute Mr. Cummings' sworn statement that he has never been in New York. Plaintiffs contend that defendants should be subject to personal jurisdiction under § 302(a)(1) because they conducted telephone conferences from Oklahoma with Mr. Thanhauser in New York and sent material to New York about the Bane well as requested by Mr. Thanhauser while he was in Oklahoma. However, defendants' use of telephone and mail to communicate with Mr. Thanhauser while he was in New York is insufficient to demonstrate that defendants transacted business in New York. *Casella v. Pawley*, 1995 WL 144848, at *3 (S.D.N.Y.1995) (finding personal jurisdiction lacking where defendants' only contacts with New York consisted of telephone conversations and facsimile transmissions); *see also Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 766 (2d Cir.1983) ("New York courts have consistently refused to sustain section 302(a)(1) jurisdiction solely on the basis of defendant's communication from another locale with a party in New York."). Nor is *Parke–Bernet Galleries, Inc. v. Franklyn*, 26 N.Y.2d 13, 308 N.Y.S.2d 337, 256 N.E.2d 506 (1970), to the contrary. In that case, the court found that the defendant had actively participated in an auction held in New York by use of a telephone while physically located in California, in effect projecting his presence into New York during the auction. These defendants did not participate by telephone in an event taking place in New York.

Mr. Thanhauser's affidavit confirms that the initial solicitation occurred while he was at defendants' offices in Oklahoma. His subsequent conversations and correspondence with defendants is chiefly a function of his New York location rather than a purposeful activity directed toward New York by the defendants. Thus, the exercise of personal jurisdiction over the defendants is unwarranted because plaintiff has failed to make a prima facie showing that defendants have transacted business in New York.

In view of the lack of personal jurisdiction over Cummings and Mills, plaintiffs have offered to drop these defendants from this action and proceed against C.M. Exploration alone. But a corporation acts through its officers and employees and, as discussed above, Mills and Cummings did not transact business in New York either personally or as agents of C.M. Exploration. Plaintiffs do not contend that C.M. Exploration, an Oklahoma corporation with its principal place of business in Seminole, Oklahoma, is "doing business" in New York, thereby precluding the exercise of general jurisdiction under N.Y.C.P.L.R. § 301. *See Hoffritz for Cut-*

*lery, Inc. v. Amajac, Ltd.,* 763 F.2d 55, 58 (2d Cir.1985) ("section 301 keeps alive the case law existing prior to its enactment, which provided that a corporation is 'doing business' and is therefore 'present' in New York ... if it does business in New York 'not occasionally or casually, but with a fair measure of permanence and continuity' ") (citation omitted). Since the exercise of personal jurisdiction under the "transacting business" prong of the New York long-arm statute is not warranted by C.M. Exploration's telephone and mail contacts with plaintiffs, there is no basis for personal jurisdiction in New York over C.M. Exploration.

## CONCLUSION

Plaintiffs have failed to make a prima facie showing of personal jurisdiction over the defendants in New York. At the same time, defendants do not dispute that an Oklahoma court could exercise personal jurisdiction in this action. Since there is a forum with personal jurisdiction over all the defendants, the interest of justice dictates that the action be transferred rather than dismissed. Accordingly, defendants' motion to transfer this case to the Eastern District of Oklahoma is granted.

SO ORDERED.