Wayne SCOTT and Gary Scott, Plaintiffs,

v.

SONNET, SALE & KUEHNE, P.A., Benedict P. Kuehne and Benson B. Weintraub, Defendants.

No. 97 CIV. 3517(MGC).

United States District Court, S.D. New York.

Jan. 20, 1998.

Rimberg & Associates, P.C. by Robert L. Rimberg, New York City, for Plaintiffs.

Burns & Levinson LLP by James K. Schwartz, David J. Hatem, Michael G. Tracy, Boston, MA, for Defendants.

## MEMORANDUM OPINION AND ORDER

CEDARBAUM, District Judge.

Defendants Sonnet, Sale & Kuehne, P.A., Benedict P. Kuehne and Benson B. Weintraub move to dismiss the complaint for lack of personal jurisdiction. Alternatively, defendants move to dismiss this diversity action on the ground that there is a substantially similar prior action pending in Florida state court. Defendants. also move to dismiss for improper venue and for insufficiency of service of process. For the reasons discussed below, defendants' motion is granted.

### BACKGROUND

 Plaintiffs Wayne Scott and Gary Scott are federal prisoners currently incarcerated at Otisville, New York. Plaintiffs were convicted in 1989 by the United States District Court, Middle District of Florida, on charges of conspiring to possess cocaine, possession of cocaine and interstate transportation of counterfeit goods. Prior to their incarceration, they resided in the state of Massachusetts.[1] Defendants Benedict P. Kuehne and Benson B. Weintraub are attorneys residing and practicing law in the state of Florida. Defendant Sonnet, Sale & Kuehne, P.A. is the former law firm of defendants Kuehne and Weintraub.

This action arises out of an alleged agreement by defendants to render legal services to plaintiffs at their sentencing in the Middle District of Florida, to file and argue the merits of plaintiffs' appeals from their convictions and sentences and to provide legal advice and counsel relating to conditions of confinement during plaintiffs' imprisonment. Plaintiffs allege that defendants failed to represent them properly at sentencing and on appeal, and that defendants have ignored plaintiffs' repeated requests for legal assistance during the course of incarceration. Plaintiffs also allege that defendants knowingly made false representations to plaintiffs during the term of their agreement. Plaintiffs sue for breach of contract and fraud.

### DISCUSSION

 Defendants contend that this Court lacks personal jurisdiction over them. Plaintiffs bear the burden of establishing the Court's personal jurisdiction over the defendants. *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir.1986); *Longwood Resources Corporation v. C.M. Exploration Co.*, 988 F.Supp. 750, 751–52 (S.D.N.Y.1997); *Emmet, Marvin & Martin v. Maybrook, Inc.*, 1990 WL 209440, at *2 (S.D.N.Y.1990). But where a motion brought under Rule 12(b)(2) is decided without an evidentiary hearing, plaintiffs need only make a prima facie showing that jurisdiction exists. *Longwood* at 751–52. All pleadings and affidavits

---

1. Prisoners are presumed to retain the domicile they had at the time of incarceration for diversity purposes, although they can attempt to show that they have established domicile in the state of incarceration. *See Housand v. Heiman*, 594 F.2d 923, 925 n. 5 (2d Cir.1979); *Sullivan v. Freeman*, 944 F.2d 334, 337 (7th Cir.1991). Plaintiffs have not attempted to make such a showing, and, in any event, diversity jurisdiction exists whether they are domiciled in Massachusetts or New York.

are construed in the light most favorable to the plaintiffs, and all doubts are resolved in their favor. *CutCo* at 365; *Longwood* at 751–52.

Plaintiffs contend that personal jurisdiction over the defendants exists under New York C.P.L.R. § 302(a)(1), which provides, "[a]s to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary ... who in person or through an agent ... transacts any business within the state or contracts anywhere to supply goods or services in the state." Section 302(a)(1) has two prongs, either of which can form the basis for the exercise of personal jurisdiction over a nondomiciliary. See *Etra v. Matta*, 61 N.Y.2d 455, 458, 474 N.Y.S.2d 687, 688, 463 N.E.2d 3 (1984); *see also Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757, 763–64 (2d Cir.1983). Plaintiffs assert jurisdiction based on the second prong, which provides for personal jurisdiction when a nondomiciliary "contracts anywhere to supply goods or services in the state," provided that the cause of action arises out of the contractual relationship. *Etra*, 61 N.Y.2d at 458, 474 N.Y.S.2d at 688, 463 N.E.2d 3.

■ Plaintiffs have failed to make a prima facie showing that this Court has personal jurisdiction over the defendants pursuant to the second prong of § 302(a)(1). Even construing the pleadings and affidavits in the light most favorable to the plaintiffs, there is no indication that the parties' dispute has any relation to New York whatsoever, apart from the fact that, at some point after they were sentenced, the plaintiffs were transferred by the federal prison system to a federal facility in New York. The defendants have submitted two affidavits stating that they were retained by plaintiffs in Florida and have never traveled to New York or communicated with anyone in New York in connection with their representation of plaintiffs. According to the Verified Complaint, defendants agreed to "provide whatever advice and counsel is necessary to assist and otherwise facilitate matters relating to the conditions of confinement during the tenure of the period of imprisonment, including matters relating to transfer and redesignation for Wayne and Gary [Scott]." On these facts, this agreement does not constitute a contract to supply services in the state of New York.

Plaintiffs argue that § 302(a)(1) applies nonetheless because defendants "knew that the plaintiffs would be imprisoned in the federal prisons system which is countrywide" and "knew or should have known that it was possible that plaintiffs might eventually be imprisoned in a New York federal prison." Thus, plaintiffs argue, "defendants were aware that the agreement could ... constitute a contract to supply services in New York." Plaintiffs have cited no authority, however, for the proposition that § 302(a)(1) applies to an agreement that does not specify where a service is to be performed, simply because the defendant "knew or should have known" of the possibility that performance of the service might eventually be expected in other states including New York.

Even if the language of § 302(a)(1) could be strained to apply to the agreement alleged here, the exercise of personal jurisdiction over the defendants would not comport with the requirements of due process. Personal jurisdiction over an out-of-state defendant must be based on "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Whether a defendant "purposefully established 'minimum contacts' in the forum State" remains the "constitutional touchstone" of whether the exercise of personal jurisdiction comports with due process. *Id.* at 474 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). Moreover, the Supreme Court consistently has held that "foreseeability of causing injury in another state" is "not a 'sufficient benchmark' for exercising personal jurisdiction." *Id.* at 474.

■ Here, the alleged agreement by defendants to represent plaintiffs with respect to conditions of future incarceration was made in Florida in the course of criminal proceedings in a federal court in Florida.

The defendants were Florida lawyers living in Florida and a Florida law firm. Plaintiffs were Massachusetts residents. Plaintiffs do not allege facts that show that, at the time the defendants began representing them, there was any reference by the parties to New York or any contact with New York relating to defendants' representation of plaintiffs. The facts alleged by plaintiffs do not constitute even a prima facie showing that defendants have purposely availed themselves of the privilege of conducting activities within New York. Knowledge of the mere possibility that plaintiffs might be transferred to a facility in New York is not enough. Jurisdiction over the defendants cannot be sustained on that basis.

### CONCLUSION

Plaintiffs have failed to make a prima facie showing of personal jurisdiction over the defendants. Accordingly, defendants' motion to dismiss the complaint for lack of personal jurisdiction is granted, and I need not address defendants' alternative grounds for relief.

SO ORDERED.