■ In the Matter of ISAAC STENGEL, Appellant, v BRADFORD BLACK, Respondent. [813 NYS2d 428]—

Order, Supreme Court, New York County (Debra A. James, J.), entered August 2, 2005, which granted defendant's motion to dismiss the complaint for lack of personal jurisdiction, unanimously affirmed, without costs.

This action is based on the Ohio defendant's purchase of a diamond that plaintiff alleges both belonged to him and was sold without his consent. The allegations do not support jurisdiction over defendant by virtue of his continuous and systematic contacts with New York to satisfy the "doing business" test of CPLR 302 (a) (3) (i) (*see Landoil Resources Corp. v Alexander*

*& Alexander Servs.*, 77 NY2d 28, 33-34 [1990]). Nor is there any basis on which to invoke New York's long-arm jurisdiction (CPLR 302 [a] [1]). An out-of-state phone call to New York for the purpose of purchasing an item here, and defendant's subsequent transfer of payment to New York, do not constitute the active participation in business transactions that would require him to defend himself in our courts (*see L. F. Rothschild, Unterberg, Towbin v McTamney*, 89 AD2d 540 [1982], *affd* 59 NY2d 651 [1983]; *M. Katz & Son Billiard Prods. v Correale & Sons*, 26 AD2d 52 [1966], *affd* 20 NY2d 903 [1967]; *cf. Parke-Bernet Galleries v Franklyn*, 26 NY2d 13 [1970]).

We have considered plaintiff's remaining arguments and find them without merit. Concur—Andrias, J.P., Saxe, Williams, Sweeny and McGuire, JJ.