11-2098-cv
Stengel v. Black

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of June, two thousand twelve.

PRESENT:  PIERRE N. LEVAL,
            REENA RAGGI,
            DENNY CHIN,
                  *Circuit Judges*.

-----------------------------------------------------------------------
ISAAC STENGEL,
                *Plaintiff-Appellant*,


          v.                              No.  11-2098-cv


BRADFORD BLACK,
                *Defendant-Appellee*.
-----------------------------------------------------------------------

FOR APPELLANT:  Isaac Stengel, *pro se*, New York, New York.

FOR APPELLEE:  Zeynel Karcioglu, Jacobs & Burleigh LLP, New York, New York; David E. Butz, Krugliak, Wilkins, Griffiths & Dougherty Co., L.P.A., Canton, Ohio.

Appeal from a judgment of the United States District Court for the Southern District of New York (Colleen M. McMahon, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 31, 2011, is AFFIRMED.

Plaintiff Isaac Stengel, proceeding pro se, appeals the dismissal of his complaint for, among other reasons, lack of personal jurisdiction. Stengel's complaint alleged that defendant Bradford Black violated various federal criminal statutes in purchasing a diamond in Ohio from a third person who had purchased it from Stengel in New York using a fraudulent check. Black separately moves this court to impose sanctions against Stengel pursuant to Fed. R. App. P. 38. We review de novo the dismissal of an action for lack of personal jurisdiction, see Licci ex rel Licci v. Lebanese Canadian Bank, SAL, 673 F.3d 50, 59 (2d Cir. 2012), and the district court's application of principles of res judicata, see Joseph v. Athanasopoulos, 648 F.3d 58, 61 (2d Cir. 2011). We assume the parties' familiarity with the underlying facts and record of prior proceedings, referencing them only as necessary to explain our decision to affirm.

In reviewing Stengel's challenge to the district court's adverse determination as to personal jurisdiction, we are mindful that on three prior occasions, New York federal and state courts have dismissed Stengel's claims arising out of the same facts alleged here, concluding that New York's long-arm statute, see N.Y. C.P.L.R. § 302(a), does not authorize courts sitting in New York to assert personal jurisdiction over Stengel's claims against Black, a resident of Ohio, arising out of Black's Ohio diamond purchase, see, e.g., Stengel v. Black, 28 A.D.3d 401, 813 N.Y.S.2d 428 (1st Dep't 2006). "It has long been the rule that principles

2

of res judicata apply to jurisdictional determinations—both subject matter and personal." Insurance Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 n.9 (1982). Although a dismissal for lack of jurisdiction is not an adjudication on the merits of a claim, see Fed. R. Civ. P. 41(b), such a dismissal precludes re-litigation of the issue it decided. Stengel does not claim that the facts relevant to Black's amenability to New York long arm jurisdiction have changed since the prior cases were decided. Accordingly, the district court correctly held that decisions in Stengel's earlier cases precluded it from exercising personal jurisdiction over Black on Stengel's claims arising out of the same facts.

With respect to Black's motion to sanction Stengel for filing a frivolous appeal, we note, that the district court has sanctioned Stengel under Fed. R. Civ. P. 11 for his conduct in the district court and is currently deciding the amount of the sanction it will impose. Under these circumstances, it is preferable for all sanctions issues to be decided in a single proceeding. Accordingly, Black's motion to sanction Stengel is DENIED with leave to renew that motion in the district court. Should Black move in the district court to sanction Stengel for filing this appeal, the district court would be authorized to decide whether Stengel's appeal was frivolous and, if so, the appropriate sanction. Cf. Enmon v. Prospect Capital Corp., 675 F.3d 138, 146 (2d Cir. 2012) (expressing appellate court's preference "that district courts not sanction parties for filing frivolous appeals," but declining to adopt rule prohibiting such sanctions).

We have considered Stengel's remaining arguments on appeal and conclude that they are without merit.  Accordingly, the judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court