■ UNITRADE CORPORATION, Appellant, v INTERNATIONAL DATA SYSTEMS, INC., Respondent. [980 NYS2d 818]—

In an action to recover payment for goods sold and delivered and to recover on an account stated, the plaintiff appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated June 6, 2012, which granted that branch of the defendant's motion which was to dismiss the complaint for lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

"Personal jurisdiction can be conferred under CPLR 302 (a) (1) 'even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted' " (*Paolucci v Kamas*, 84 AD3d 766, 767 [2011], quoting *Deutsche Bank Sec., Inc. v Montana Bd. of Invs.*, 7 NY3d 65, 71 [2006], *cert denied* 549 US 1095 [2006]; *see Fischbarg v Doucet*, 9 NY3d 375, 380 [2007]; *Grimaldi v Guinn*, 72 AD3d 37, 44 [2010]; *Kimco Exch. Place Corp. v Thomas Benz, Inc.*, 34 AD3d 433, 434 [2006]). Here, the Supreme Court properly

determined that the number, nature, and quality of the defendant's contacts with New York did not demonstrate purposeful activities by which the defendant availed itself of the benefits and protections of New York law (*see Matter of Stengel v Black*, 28 AD3d 401, 402 [2006]; *Aero-Bocker Knitting Mills v Allied Fabrics Corp.*, 54 AD2d 647 [1976]; *M. Katz & Son Billiard Prods. v Correale & Sons*, 26 AD2d 52 [1966], *affd* 20 NY2d 903 [1967]; *see also Muse Collections, Inc. v Carissima Bijoux, Inc.*, 86 AD3d 631, 631 [2011]; *cf. Parke-Bernet Galleries v Franklyn*, 26 NY2d 13 [1970]; *Grimaldi v Guinn*, 72 AD3d 37 [2010]). Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was to dismiss the complaint for lack of personal jurisdiction. Mastro, J.P., Dickerson, Lott and Hinds-Radix, JJ., concur.