Aloisio v New York-Presbyt./Weill Cornell Med. Ctr. (2022 NY Slip Op 03205)





Aloisio v New York-Presbyt./Weill Cornell Med. Ctr.


2022 NY Slip Op 03205


Decided on May 17, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 17, 2022

Before: Mazzarelli, J.P., Oing, Moulton, González, Kennedy, JJ. 


Index No. 805311/20 Appeal No. 15944 Case No. 2021-04394 

[*1]John Aloisio, as Executor of the Estate of Elizabeth Aloisio, Deceased, Plaintiff-Respondent,
v
New York-Presbyterian/Weill Cornell Medical Center et al., Defendants-Respondents, Royal Charter Properties-East, Inc. et al., Defendants, Bayerische Stammzellbank gGMBH, Defendant-Appellant.


Reed Smith LLP, New York (Lonnie E. Klein of counsel), and Reed Smith LLP, Pittsburgh, PA (Devin M. Misour of the bar of the Commonwealth of Pennsylvania, admitted pro hac vice of counsel), for appellant.
Mischel & Horn, P.C., New York (Scott T. Horn of counsel), for John Aloisio, respondent.
Heidell Pittoni Murphy & Bach LLP, New York (Daniel S. Ratner of counsel), for New York-Presbyterian/Weill Cornell Medical Center, Tsiporah B. Shore, M.D. and Jingmei HSU, M.D., respondents.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about August 26, 2021, which denied the motion of defendant Bayerische Stammzellbank gGMBH (BSB), to dismiss the complaint as against it pursuant to CPLR 3211(a)(8) for lack of personal jurisdiction, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
There is no jurisdiction pursuant to either CPLR 302(a)(1) or (3)(ii) over BSB, a stem donor registry located in Bavaria. BSB was contacted through a chain of interactions between donor registries that began with decedent's New York physicians reaching out to the National Marrow Donor Program in Minnesota to find a match for decedent so that she could undergo a bone marrow transplant to treat her leukemia. When no match was found there, the search was expanded, including to Republic of German's central registry, and ultimately a donor was located in the BSB registry. BSB did not engage in a regular course of conduct, nor did it purposefully avail itself of the privilege of conducting activities within New York State (see Etra v Matta, 61 NY2d 455, 458-459 [1984]) and its contacts with decedent's physicians and transplant center were responsive in nature (see Paterno v Laser Spine Inst., 24 NY3d 370, 377-378 [2014]). Furthermore, BSB, a 20-employee not-for-profit organization, was reimbursed with a set sum by a German entity for providing the donation to decedent's transplant center's courier in Germany, and reimbursement was not contingent on decedent's ability to pay, insurance, or the like. There is no evidence that BSB derived substantial revenue from the transaction or from New York, where it has no offices, employees, agents, marketing, registrations, or presence (see Ingraham v Carroll, 90 NY2d 592, 596-598 [1997]). Even if the long-arm statute applied, BSB does not have the minimum contacts necessary such that it should have reasonably expected to be brought into court here (see Daimler AG v Bauman, 571 US 117 [2014]; Penguin Group [USA] Inc. v American Buddha, 16 NY3d 295 [2011]; LaMarca v Pak-Mor Mfg. Co., 95 NY2d 210 [2000]).
That BSB may have been connected with some other larger entity that might have earned substantial revenue for engaging in extensive activities on an international level is pure speculation and does not warrant discovery (cf. Robins v Procure Treatment Ctrs., Inc., 157 AD3d 606, 607 [1st Dept 2018]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 17, 2022