■ L. F. ROTHSCHILD, UNTERBERG, TOWBIN, Appellant, v ROBERT THOMPSON, Respondent. — Order, Supreme Court, New York County, entered December 26, 1979, and judgment entered December 27, 1979, unanimously reversed, on the law and the facts, with costs and disbursements, the motion to dismiss the complaint denied, and the judgment vacated. This is an action by a stockbroker to recover some $17,000 from a customer whose transactions resulted in a negative account balance. The stockbroker is a New York firm licensed to do business in Alabama. The defendant is an Alabaman businessman, who dealt directly with the plaintiff-appellant in New York, and did so only by telephone and mail. While the defendant-respondent never came to New York, he sent checks and securities and his agreement covering his arrangement with the plaintiff-appellant to New York. His "option agreement" provided that New York law would apply. There were some 25 transactions in four months. The court at Special Term confirmed the report of the Referee to the effect that jurisdiction had not been acquired in New York. We believe that there was sufficient "purposeful activity within the state so as to confer jurisdiction upon our courts under section 302, CPLR." *(Hirschler v American Securities Co., S. A.,* NYLJ, Jan. 10, 1972, p 17, col 2; see, also, *Ehrlich-Bober & Co. v University of Houston,* 49 NY2d 574.) Concur — Kupferman, J. P., Birns, Ross, Bloom and Carro, JJ.