940 F.2d 99
 John M. WHITESIDE, Plaintiff-Appellant,
v.
TELTECH CORPORATION; Telic Corporation; National Telephone
Services, Incorporated, Defendants-Appellees.
John WHITESIDE, Plaintiff-Appellant,
v.
Ronald J. HAAN, Defendant-Appellee.
John WHITESIDE, Plaintiff-Appellant,
v.
TELTECH CORPORATION; Telic Corporation; National Telephone
Services, Incorporated, Defendants-Appellees.
 Nos. 90-3144, 90-3145 and 90-3164.
 United States Court of Appeals,
Fourth Circuit.
 Argued April 10, 1991.
Decided July 31, 1991.
 
 Loren Kieve, argued (Ann M. Ashton, Charles R. Monroe, Jr., on brief), Debevoise & Plimpton, Washington, D.C., for plaintiff-appellant.
 Lawrence Howard Schwartz, argued (Nicholas H. Hantzes, Karen M. Simonek, on brief), Cooter & Gell, Washington, D.C., for defendants-appellees.
 Before WILKINSON and NIEMEYER, Circuit Judges, and MICHAEL, District Judge for the Western District of Virginia, sitting by designation.
 OPINION
 NIEMEYER, Circuit Judge:
 
 
 1
 This appeal raises questions about rights created by the Federal Arbitration Act (FAA), 9 U.S.C. Sec. 1 et seq. (1988), in the context of an employment dispute. The issue is whether the district court improperly refused to hear a federal suit to compel arbitration when the dispute sought to be arbitrated is the subject of a pending state case. Because the district court failed to recognize its independent duty to adjudicate a claim prosecuted under the FAA, we reverse and remand to permit it to determine whether the dispute between the parties is arbitrable. Although the appellant has also requested that we review the nature of the dispute and compel arbitration, we decline the invitation so that the district court, in the first instance, can make that determination.
 
 
 2
 * John M. Whiteside entered into a written employment agreement with Teltech Corporation to serve as senior vice president of Teltech and as a member of the board of directors of two subsidiary corporations, Telic Corporation and National Telephone Services, Inc. (NTS). Teltech's obligations under the employment agreement were guaranteed by Telic and NTS, and the agreement was signed on behalf of Teltech, Telic and NTS by Ronald J. Haan. Haan was the chairman of the board, president and sole shareholder of Teltech and the chief executive officer, president, and majority shareholder of Telic.
 
 
 3
 A fracture in the employment relationship between Whiteside and Teltech prompted Whiteside to seek damages through arbitration, as provided for in the employment agreement. When Teltech, Telic and NTS resisted arbitration, Whiteside filed his first federal action and the district court compelled the arbitration. Following an arbitration award for Whiteside, the district court entered a confirming judgment in favor of Whiteside in the amount of $564,139.51. After this judgment was paid and marked satisfied, Telic and Haan filed suit against Whiteside in a state court in Loudoun County, Virginia, alleging that Whiteside's conduct, while employed as vice president of Teltech, damaged them. That suit stated counts for breach of fiduciary duty, tortious interference with contractual relationship, defamation, and conspiracy to injure another in trade, business or profession.
 
 
 4
 Believing that the issues raised in the state court proceedings should have been arbitrated in the just-completed arbitration or, alternatively, should be arbitrated in a new arbitration because they "arise out of" or "relate to" the employment agreement between Whiteside and Teltech, Whiteside filed a motion in the federal action, which had been closed by an order of satisfaction, seeking an order to enjoin the state suit and to compel a second arbitration. The district court denied the motion to enjoin the state case and, on the motion to compel arbitration, stated:
 
 
 5
 As far as I am concerned, my ruling on the injunction takes care of your motion on arbitration. I mean, if you have got a separate motion for me to just pick up a case in Loudoun County and send it to arbitration, I am not even going to take jurisdiction here to do anything about the injunction, much less pick up some state case and send it to arbitration.
 
 
 6
 * * * * * *
 
 
 7
 I am certainly not going to let you file a suit here by motion. I am just not going to do that. I don't know what remedies you have.
 
 
 8
 J.A. 166-69.
 
 
 9
 Concerned about the district court's comment that it would not treat his motion as the equivalent of a new law suit, Whiteside filed a second action in the federal district court, relying on diversity jurisdiction, in which he again sought to compel arbitration under the FAA. In the hearing on the motion to compel arbitration, the court again denied the motion, relying on the reasons it gave in denying the motion that was filed in the first federal suit. The court stated:
 
 
 10
 I have already sent the case to arbitration. It was already here and I sent it, sent the whole thing, didn't I?
 
 
 11
 * * * * * *
 
 
 12
 They arbitrate, the arbiters made an award, I have entered a judgment, and this thing is over as far as this case is concerned.
 
 
 13
 * * * * * *
 
 
 14
 Now somebody is in another court raising issues which you say have already been before arbitration, they were the subject of this suit, they either were dealt with or should have been dealt with, it is res judicata and, therefore, they shouldn't be in Loudoun County. But I am not the one to determine that. Whoever is hearing this suit up in Loudoun County has got to be the one to hear that.
 
 
 15
 J.A. 177-78 (emphasis added). When counsel for Whiteside assured the court that Whiteside was seeking no relief on the issues pending in Loudoun County but rather was seeking remedies in federal court under the FAA, the court denied his relief saying, "I haven't got any authority." J.A. 181.
 
 
 16
 From the court's denial of the motions to compel arbitration, Whiteside appealed the refusals to compel arbitration in both the closed federal action (cases 90-3144 and 90-3145) and the second federal action filed under the FAA (case 90-3164).
 
 II
 
 17
 In denying the motions to compel arbitration, the court believed either that the plaintiff did not have a separate federal right under the FAA to bring suit, or that it should stay its hand under a notion of abstention in favor of the pending state court case. In either case, we find error.
 
 
 18
 The purpose for enacting the FAA was to assure judicial enforcement of privately made agreements to arbitrate by placing them "upon the same footing as other contracts." Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 219, 105 S.Ct. 1238, 1242, 84 L.Ed.2d 158 (1985) (quoting H.R.Rep. No. 96, 68th Cong., 1st Sess. 1 (1924)); see also Gilmer v. Interstate/Johnson Lane Corp., --- U.S. ----, 111 S.Ct. 1647, 1651, 114 L.Ed.2d 26 (1991). Prior to enactment of the FAA, courts were hostile to the enforcement of arbitration provisions, following a long-standing common law rule which evolved from the judiciary's jealous refusals to oust courts of jurisdiction in favor of other dispute resolution mechanisms. Dean Witter, 470 U.S. at 220 n. 6, 105 S.Ct. at 1242 n. 6. The Act's purpose is thus fulfilled at its core by the declaration in Sec. 2 that a written agreement to arbitrate is "valid, irrevocable, and enforceable" and the sanction provided in Sec. 4 for specific enforcement of the agreement. 9 U.S.C. Secs. 2 & 4 (1988).
 
 
 19
 The FAA creates a separate federal cause of action for enforcement of agreements within its scope, even if the underlying dispute depends entirely on state law. It does not, however, mandate arbitration for all disputes simply when arbitration is demanded. Rather, it provides for the enforcement of agreements in which the parties have agreed to arbitration. Although the FAA manifests a liberal federal policy favoring arbitration agreements and "questions of arbitrability must be addressed with a healthy regard" for this policy, Moses H. Cone Memorial Hospital v. Mercury Constr. Corp., 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983), the Act leaves interpretation of an agreement to the application of common law principles of contract law. Perry v. Thomas, 482 U.S. 483, 493 n. 9, 107 S.Ct. 2520, 2527 n. 9, 96 L.Ed.2d 426 (1987). Doubts on the issue of arbitrability, however, are to be resolved in favor of the policy favoring arbitration. Moses H. Cone, 460 U.S. at 24-25, 103 S.Ct. at 941-42.
 
 
 20
 To state a claim to compel arbitration under the FAA, the plaintiff must allege (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute. While state courts and federal courts have a concurrent obligation to resolve FAA claims, Moses H. Cone, 460 U.S. at 25-26 & n. 34, 103 S.Ct. at 942 & n. 34, the FAA does not provide a basis for federalquestion jurisdiction for bringing a suit under the Act in federal court. See 9 U.S.C. Sec. 4 (1988). Although it is an anomaly for a statute that creates federal substantive rights not to form the basis of federal question jurisdiction, subject matter jurisdiction for an FAA claim in federal court must rest on some basis independent of the FAA. See Moses H. Cone, 460 U.S. at 25 n. 32, 103 S.Ct. at 942 n. 32.
 
 
 21
 In this case the district court had jurisdiction by reason of diversity of citizenship, but it was apparently distracted by the facts that (1) an arbitration under Whiteside's employment agreement had already been ordered once and completed, and (2) the dispute for which arbitration is sought a second time is the subject of a state court action. In ruling on the motion to compel arbitration in the second federal action, the court stated that because of the first arbitration, "this thing is over as far as this case is concerned." And, also believing that the arbitration issue could be resolved by the state court, the district court stated that it was "not the one" to make the determination of arbitrability and that it lacked "authority" or jurisdiction to proceed in the federal court. It failed to recognize that the FAA provides a federal cause of action which calls upon the court to decide whether the dispute is covered by a written arbitration agreement. This issue is different from that presented when resolving the dispute on the merits. When deciding arbitrability, the court only determines whether, as a matter of contract between the parties, the underlying dispute should be resolved in court or by arbitration. The district court erroneously failed to resolve this question as a matter of federal law, separate from the issue on the merits. See Moses H. Cone, 460 U.S. at 21, 103 S.Ct. at 939 (arbitrability issue is easily severable from the merits of the underlying dispute).
 
 
 22
 Although not articulated specifically, the district court's reluctance to proceed with the second federal case appears also to have been attributable to a notion of abstention in favor of permitting the state, where the dispute on the merits was pending, to resolve the issue of arbitrability. See Colorado River Water Conservation District v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). We have already held, however, that absent exceptional circumstances, a federal district court has "no right to stay the federal proceedings" brought under the FAA even though a similar action between the parties was pending in the state court. In re Mercury Constr. Corp., 656 F.2d 933, 946 (4th Cir.) (en banc), reh. den., 664 F.2d 936 (1981), aff'd sub nom. Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). In its affirming decision, the Supreme Court pointed out the first principle of abstention:
 
 
 23
 "Abstention from the exercise of federal jurisdiction is the exception, not the rule. 'The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest.' "
 
 
 24
 Moses Cone Hosp., 460 U.S. at 14, 103 S.Ct. at 936 (quoting Colorado River, 424 U.S. at 813, 96 S.Ct. at 1244 (quoting County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188-89, 79 S.Ct. 1060, 1063, 3 L.Ed.2d 1163 (1959))).
 
 
 25
 No exceptional circumstance is presented here, and the district court has the duty to proceed with the case that is within its jurisdiction. In concluding that the district court must decide the question under federal law whether the dispute is arbitrable, we express no view on the issue of whether, as a matter of contract law, the dispute presented in the state court litigation is arbitrable. We reverse the judgment in case number 90-3164 and remand it for further proceedings. In view of our ruling in that case and also the absence in cases 90-3144 and 90-3145 of any showing why they should be reopened under Fed.R.Civ.P. 60(b), the ruling of the district court in refusing to consider the motion to compel arbitration filed in cases 90-3144 and 90-3145 is affirmed.
 
 
 26
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.