UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

R. J. GRIFFIN & COMPANY, d/b/a
Sebrell/Griffin & Company, a/k/a
Sebrell/Griffin General Contractors,
          *Plaintiff-Appellant,*

          v.                                   No. 00-1349

BEACH CLUB II HOMEOWNERS
ASSOCIATION, INCORPORATED,
          *Defendant-Appellee.*

Appeal from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, District Judge.
(CA-99-3002-4-12)

Argued: December 4, 2000

Decided: February 7, 2001

Before WILKINSON, Chief Judge, and LUTTIG and
MICHAEL, Circuit Judges.

---

Reversed and remanded by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** Robert Walker Fuller, III, ROBINSON, BRADSHAW &
HINSON, P.A., Charlotte, North Carolina, for Appellant. John Patrick
Henry, THE THOMPSON LAW FIRM, P.A., Conway, South Caro-
lina, for Appellee. **ON BRIEF:** David L. Little, Jr., ROBINSON,

BRADSHAW & HINSON, P.A., Rock Hill, South Carolina, for Appellant. Emma Ruth Brittain, THE THOMPSON LAW FIRM, P.A., Myrtle Beach, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

In this case we address the application of the principles of *Colorado River* abstention in the context of a suit to enforce a contractual arbitration clause. Beach Club II Homeowners Association (the Association) filed suit in South Carolina court against R.J. Griffin & Co. d/b/a Sebrell/Griffin & Co. (Griffin) for defective construction of a condominium complex. Relying on two separate arbitration clauses, Griffin filed a motion to compel arbitration in federal district court. The district court held that the South Carolina Arbitration Act deprived the court of jurisdiction to rule on Griffin's motion. Upon a motion for reconsideration, the district court decided to abstain under *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800 (1976). We hold, however, that the district court is required to rule on Griffin's motion to compel arbitration, and we remand the case with instructions that it do so.

I.

The Homeowners Association's state court complaint alleges that Griffin, who was the general contractor for the Beach Club II condominium project, negligently designed or constructed their homes. Griffin responded, filed cross-claims against two co-defendants, and added claims against three third-party defendants. Griffin also filed a motion in state court to stay the proceedings and to compel arbitration. Before it was heard, however, Griffin withdrew the motion. A few weeks later, Griffin filed a motion to compel arbitration in federal district court.

The district court declined to hear the motion. Initially, the district court held that § 15-48-10(c) of the South Carolina Arbitration Act deprived the court of jurisdiction. Griffin moved for reconsideration of that ruling. In response, the district court affirmed its prior decision, but on different reasoning. This time the district court decided to abstain on *Colorado River* grounds. Griffin now appeals.

## II.

The sole point of dispute in this case is whether *Colorado River* abstention was proper.* Resolving this question requires two separate inquiries. First, we must determine if there are parallel duplicative state proceedings. *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of America*, 946 F.2d 1072 (4th Cir. 1991); *McLaughlin v. United Virginia Bank*, 955 F.2d 930 (4th Cir. 1992). If this question is answered in the affirmative, then we must determine if *Colorado River*'s exceptional circumstances test has been met. *Colorado River*, 424 U.S. at 818.

In this case, our analysis begins and ends with the first inquiry. In *New Beckley*, this court noted that before abstaining on *Colorado River* grounds, "the district court must first determine whether the state and federal proceedings are parallel. Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." 946 F.2d at 1073. Abstention was improper in *New Beckley* because although the "parties in both actions [were] virtually identical . . . the issues raised and remedies sought" were not. *Id.* at 1074. Similarly, in *McLaughlin* this court held that *Colorado River* abstention was improper where "the federal and state actions have similar claims and draw on common events" but "are not totally duplicative." 955 F.2d at 935.

Following, as we must, our own precedent, we believe abstention here was improper because the state proceedings are not parallel or

---

*The Association does not dispute that federal jurisdiction is proper both on diversity grounds, 28 U.S.C. § 1332, and under the Federal Arbitration Act, 9 U.S.C. § 1 et seq. Moreover, in choosing to abstain, the district court implicitly recognized that it had jurisdiction to hear Griffin's motion.

duplicative. The Association's suit in state court is a state law negligence claim, focusing on the reasonableness of Griffin's actions with respect to the construction of certain condominiums. Griffin's federal suit seeks an order compelling arbitration, the resolution of which turns on whether either of the two arbitration clauses Griffin cites are enforceable against the Association. The state proceedings thus fail to reach *McLaughlin*'s "totally duplicative" threshold because they do not raise the same issues or seek the same remedies. *See Al-Abood ex rel. Al-Abood v. El-Shamari*, 217 F.3d 225, 232 (4th Cir. 2000) (finding *Colorado River* abstention improper where "the parties in the two suits are substantially the same" but "the issues are not."). Given these circumstances, we have no choice but to conclude that the district court erred in choosing to abstain.

Bolstering our conclusion is the Supreme Court's decision in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1 (1983). *Cone* also involved the issue of *Colorado River* abstention in the context of a motion to compel arbitration. In reversing the decision to abstain, the Supreme Court held that it is rarely appropriate for a federal court to abstain from ruling on a motion to compel arbitration. *Cone*, 460 U.S. at 25-26. This court too has addressed the issue of *Colorado River* abstention in the context of a motion to compel arbitration. *Whiteside v. Teltech Corp.*, 940 F.2d 99 (4th Cir. 1991). Relying on *Cone*, *Whiteside* found abstention improper in part because the district court "failed to recognize that the FAA provides a federal cause of action which calls upon the court to decide whether the dispute is covered by a written arbitration agreement." *Id.* at 102.

As was true in *Whiteside*, the ruling below neglected the obligations created by the FAA. Accordingly, the judgment is reversed and remanded with instructions for the district court to rule on the merits of Griffin's motion to compel arbitration.

*REVERSED AND REMANDED*