Connie Lee **STAFFORD**, Plaintiff,

v.

**DISCOVER BANK** Defendant.

**No. 1:04 CV 0331.**

United States District Court, M.D. North Carolina.

Dec. 17, 2004.

Connie Lee Stafford, Winston–Salem, NC, pro se.

---

MEMORANDUM OPINION

TILLEY, Chief Judge.

This suit arises from a dispute between Plaintiff Connie Lee Stafford and Defendant Discover Bank ("Discover") regarding Ms. Stafford's use of a credit card issued by Discover. The case is currently before the Court on Discover's Motion to Dismiss [Doc. # 3]. For the reasons set forth below, the Defendant's Motion will GRANTED.

I.

The facts in the light most favorable to the Plaintiff are as follows. Ms. Stafford was issued a Discover credit card. After issuing the credit card to Ms. Stafford, Discover mailed her a Card Member Agreement. This agreement contained an arbitration clause that allowed either Discover or Ms. Stafford to elect binding arbitration to resolve any dispute that may arise. If either party elected to pursue arbitration, the agreement forced the other party to forfeit its right to litigate that claim in court.

A dispute arose relating to money that was owed by Ms. Stafford to Discover as a result of this credit card, and Ms. Stafford submitted the dispute to arbitration. On December 22, 2003, an arbitration award was issued by Century Arbitration Associates, Inc., demanding that Discover pay Ms. Stafford $8,685. On April 19, 2004, Ms. Stafford acting *pro se* filed a complaint [1] with this Court seeking to confirm the arbitration award pursuant to the Federal Arbitration Act. Ms. Stafford did not serve her complaint nor did she serve a summons upon Discover. Discover first

---

**1.** Ms. Stafford titled her filing a "petition/motion to confirm/enforce arbitration award."

(Doc. # 1.)

learned of this suit on June 3, 2004, when Ms. Stafford mentioned this lawsuit in an Answer she filed in a state court proceeding that had been initiated by Discover.

Also on June 3, 2004, Ms. Stafford filed an amendment [Doc. # 2] to her original complaint. In the amendment, Ms. Stafford asked for the Court's assistance if she made mistakes in procedure and for the Court to construe her filings liberally because she was pursuing her case *pro se.* Ms. Stafford also recognized that she failed to state a federal question in her original filing. She attempted to rectify this problem by arguing that the arbitration clause of the card member agreement was unconscionable. Finally, she also recognized her error in failing to serve a copy of her complaint upon Discover. Although it is not entirely clear from the documents, it appears that Ms. Stafford did, at the least, mail a copy of her amendment via certified mail to both Discover's corporate address and to Discover's attorney, Smith Debnam. However, there is no evidence that Ms. Stafford ever served her original complaint or a proper summons upon Discover or any agent of Discover.

A letter from John Brubaker, the Clerk of the Middle District of North Carolina, was sent to Ms. Stafford on July 9, 2004, informing her that she needed to issue a summons upon Discover in this case. The letter included proper summonses for Ms. Stafford to complete and return to the Clerk's office. Despite this letter, there is no evidence that Ms. Stafford ever served a summons upon Discover.

On September 22, 2004, Discover filed the motion to dismiss that is currently before the Court. In response to this motion, another letter was sent from Mr. Brubaker to Ms. Stafford on September, 30, 2004, explaining that she had the right to file a twenty page response to Discover's motion to dismiss, and that such re-

sponse must be filed within twenty days from the date of service of Discover's motion upon her. Ms. Stafford never filed a response to the motion to dismiss.

## II.

Discover moves for dismissal for two independent reasons. First, Discover argues that this Court lacks subject matter jurisdiction over Ms. Stafford's complaint and should dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(1). Second, Discover argues that this Court should dismiss the case pursuant to 12(b)(2),(4), and (5) because Discover was never served a summons.

### A.

Discover requests that the Court dismiss Ms. Stafford's claim for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Federal courts are courts of limited jurisdiction; they can hear only cases authorized by the Constitution or by statute. *See* U.S. Const. Art. 3 § 2; 28 U.S.C. §§ 1330–1368 (2004). Unless the case involves specialized issues such as admiralty and patents, a federal district court typically will have jurisdiction only if the requirements of 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1332 (diversity of citizenship) are satisfied.

#### 1.

Title 28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (West Supp. 2003). The Supreme Court has explained that "Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates

the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). The moving party can challenge subject matter jurisdiction with a claim that the complaint fails to allege facts upon which jurisdiction can be based, in which case, the facts alleged in the complaint are assumed to be true and the analysis is parallel to that under a Rule 12(b)(6) motion. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982).

■ While state courts and federal courts have concurrent jurisdiction to resolve claims under the Federal Arbitration Act ("FAA"), the FAA does not provide an independent basis for federal question jurisdiction in federal court. *Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1991) ("Although it is an anomaly for a statute that creates federal substantive rights not to form the basis for federal question jurisdiction, subject matter jurisdiction for an FAA claim in federal court must rest on some basis independent of the FAA.") Therefore, to establish federal jurisdiction Ms. Stafford must demonstrate that if there was no arbitration agreement, a federal court would have jurisdiction of the subject matter of the underlying controversy between the parties.

■ Ms. Stafford recognized in her amended complaint that she failed to assert a federal question in her original complaint. She attempted to raise a federal question by arguing that the underlying controversy is whether the arbitration clause of the card member agreement was unconscionable.[2] Whether a contract is unconscionable or not is a matter of state

law. Therefore, the underlying controversy between Ms. Stafford and Discover was a matter of state contract law and failed to raise a federal question.

## 2.

■ Title 28 U.S.C. § 1332 provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" parties that reside in different states. In this case, Ms. Stafford seeks to confirm an arbitration award of $8,685. Because the amount in controversy is less than $75,000, diversity of citizenship cannot be the basis for this Court's subject matter jurisdiction.

Accordingly, this Court lacks subject matter jurisdiction to hear this case and Discover's motion to dismiss should be granted.

## B.

In addition, Discover moves to dismiss because it never received a summons. Rule 4(m) of the Federal Rules of Civil Procedure provides service of a summons and complaint must be made within 120 days of the filing of the complaint. If service is not completed within that time, and the plaintiff has not shown good cause why he or she failed to effect service, the district court "shall dismiss the action without prejudice ... or direct that service be effected within a specific time." Fed. R.Civ.P. 4(m); *Shao v. Link Cargo (Taiwan) Ltd.*, 986 F.2d 700, 708 (4th Cir. 1993).

■ In this case a summons was never served upon Discover. Although Mr. Bru-

---

**2.** Although it is not entirely clear how the enforceability of the arbitration clause could be the underlying dispute of the arbitration

award that Ms. Stafford is seeking to confirm, this is the only basis for federal question jurisdiction in Ms. Stafford's pleadings.

baker sent Ms. Stafford a letter specifically referencing the necessity of issuing a summons and even enclosing summonses in the letter for her use, Ms. Stafford failed to serve a summons upon Discover. Because Ms. Stafford never provided any explanation for this failure, Discover's motion to dismiss will be granted.

## III.

For the two independent reasons set forth above, Defendant's motion to dismiss will be GRANTED.

## JUDGMENT

For the reasons set forth in the contemporaneously filed Memorandum Opinion, Defendant's Motion to Dismiss [Doc. # 3] is GRANTED, and this case is thereby DISMISSED.