Brocco v Eastern Metal Recycling Terminal LLC (2022 NY Slip Op 07495)

Brocco v Eastern Metal Recycling Terminal LLC

2022 NY Slip Op 07495

Decided on December 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 29, 2022

Before: Kern, J.P., Kennedy, Scarpulla, Pitt-Burke, Higgitt, JJ. 

Index No. 20513/16E Appeal No. 16985, 16986 Case No. 2022-01609, 2022-03812 

[*1]Giacomino Brocco, et al., Plaintiffs-Appellants,
v
Eastern Metal Recycling Terminal LLC, et al., Defendants-Respondents, Sims Metal Management LTD., Defendants. 

Romano & Associates, Garden City (Michael J. Romano of counsel), for appellants.
Cerussi & Spring, P.C., White Plains (Richard D. Bentzen of counsel), for Eastern Metal Recycling Terminal LLC, respondent.
Gordon Rees Scully Mansukhani, LLP, New York (Maxine Nicholas and James L. Messenger of the bar of the Commonwealth of Massachusetts and Brian J. Wall, of the bar of the Commomwealth of Massachusetts and the State of Rhode Island, admitted pro hac vice of counsel), for Port Authority of New York and New Jersey and Port of Newark Terminal, respondents.

Order, Supreme Court, Bronx County (Ruben Franco, J.), entered on or about October 19, 2021, which, to the extent appealed from, granted defendant Eastern Metal Recycling Terminal LLC's (EMR) motion to dismiss the complaint as against it for lack of personal jurisdiction and granted defendants Port Authority of New York and New Jersey and Port of Newark Terminal's (together, Port Authority) motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Plaintiff Giacomino Brocco sustained injuries while delivering scrap metal for his employer, nonparty Deer Park Recycling, from its New York facility to a New Jersey facility operated by EMR. The EMR facility was located on property owned by Port Authority.
Supreme Court correctly dismissed the complaint against EMR for lack of personal jurisdiction (see CPLR 3211[a][8]). Initially, plaintiffs failed to demonstrate general jurisdiction over EMR. To be subject to general jurisdiction under CPLR 301, a defendant corporation must either be incorporated in New York or have its principal place of business in New York (see CPLR 301; Daimler AG v Bauman, 571 US 117, 137-139 [2014]; see also BNSF Railway Co. v Tyrrell, — US &mdash, &mdash, 137 S Ct 1549, 1558 [2017]). Here, it is undisputed that EMR is a Delaware Corporation with its principal place of business in Camden, New Jersey.
Plaintiffs also failed to demonstrate specific jurisdiction over EMR (see CPLR 302[a][1]). In order to determine whether specific jurisdiction exists under CPLR 302(a)(1), a court must decide "(1) whether the defendant 'transacts any business' in New York and, if so, (2) whether th[e] cause of action 'aris[es] from' such a business transaction" (Licci v Lebanese Canadian Bank, 673 F3d 50, 60 [2d Cir 2012], quoting Best Van Lines, Inc. v Walker, 490 F3d 239, 246 [2d Cir 2007]). Here, EMR did not transact any business in New York. EMR was contacted by Deer Park to buy scrap metal, EMR's purchases of the scrap metal occurred in New Jersey, and the payments from EMR to Deer Park were made through an electronic clearing house (see Fischbarg v Doucet, 9 NY3d 375, 380 [2007]; L. F. Rothschild, Unterberg, Towbin v McTamney, 89 AD2d 540, 540-541 [1st Dept 1982], affd 59 NY2d 651 [1983]).
The motion court also correctly granted Port Authority summary judgment dismissing the complaint against it. Port Authority made a prima facie showing that it was an out-of-possession landlord by submitting the lease so stating, and plaintiffs failed to raise a triable issue of fact. While the permit from Port Authority conveying the property "as is" contained a limited right of re-entry, plaintiff's accident is alleged to have been caused by transient conditions such as the accumulation of debris, snow, and ice, and plaintiffs failed to point to any evidence that a significant structural or design defect was implicated (see Kittay v Moskowitz, 95 AD3d 451, 452 [1st Dept 2012], lv denied 20 NY3d 859 [2013]; Babich [*2]v R.G.T. Rest. Corp., 75 AD3d 439, 440 [1st Dept 2010]). Plaintiffs' argument that Port Authority retained sufficient control over the premises such that it was not an out-of-possession landlord is unpersuasive (see Kopetic v Port Auth. Of N.Y. & N.J., 176 AD3d 530, 530 [1st Dept 2019]).
We have considered plaintiffs' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 29, 2022